May it please the court, my name is Alex Sigler, I represent Jovhanessyan, a gentleman who lives today in New York, but his case originally happened in San Francisco. And the gentleman filed for asylum back in 2003, and his asylum was denied, and credibility, mostly the judge in San Francisco decided that he wasn't credible. And in making a credibility decision, she mostly concentrated on the issue of his apparent inability to explain the entry to the United States, which was an actual issue to his asylum claim, because his asylum claim was based on political participation in Armenia, in the opposition party, which is still an opposition party, and whose president was killed early before that. And this case presents a number of interesting issues, but the most important of two issues. And issue number one is of wide implications, and issue number two is sort of a local issue for this specific case. Issue number one is whether the board should be allowed to hold a person with adverse credibility in the record, in able, incapacitated in essence, to ever make an argument on the motion to reopen for changed country conditions. This is what the board did here. They said that the gentleman was incredible, was found incredible by the judge, and therefore, despite the fact the board agreed that the country condition had worsened, it's in the record, he sort of, it wasn't material to his particular position, because he failed, he was incredible, and because he was incredible, he failed to show that he was a political activist. Maybe I misread the record, counsel, but my understanding was that the immigration judge in the initial hearing in 2003, didn't believe your client in terms of his affiliation with this particular political party in Armenia. Is that correct? Yes and no. The judge denied his asylum only on credibility and based on three factors. First, she said it was an incredibly bizarre story of his entry to the United States. I'm using her language. Secondly, she said, for a lawyer and the person who was involved allegedly with this level of involvement with the party, he should have known more about the party history. That's number two. And number three, the immigration judge said that he, there was a discrepancy as to whether he was a member of People's Party vis-a-vis a member of the Unity Party, which he explained, and she accepted that explanation, that Unity Party was in essence an umbrella party for the People's Party. But what we're here looking at, and correct me if I'm wrong, is the decision of the board to not allow your client to reopen. That's what we're focused on, right? Right. We're only focusing on that. And that leads me, just a second, I have a follow-on question to that. The sort of overview of what the immigration judge did was to say that your client had failed to meet his burden to establish his affiliation with the, is it the APP? Is that the party? Yeah, the People's Party. Okay. The Armenian People's Party. Failed to prove that he was actually affiliated with that party. On reopening, the board said that is there, and the only evidence that's presented to us is of changed circumstances in terms of the treatment of that political party in Armenia. Do I have that right? No. With all due respect, this is not my reading of the record. My reading of the record, the judge mostly concentrated on two issues. Lack of sufficient knowledge in her. She said that because he was a lawyer, she was holding him to that. Why don't we start with this so that we're on the same wavelength. What was the basis for the board's determination not to allow your client to reopen? Okay. And that's the major issue here. The board said, once you found him credible, you cannot, in order to reopen a case, as this honorable court knows, you have to show first that you, on the changed country condition issues, which excuses you from the rigid numerical and time limitations. So to do that, to fall into this exemption, you have to show that the country condition changed materially, as to you specifically. In other words, it involves you and not cumulative as to general class of people. But on that point, doesn't your client have another problem, and that is the evidence that he brought to the board was available to him when he had his first hearing before the IJ? No. He doesn't have this problem because I think this is the major error of the board in not accepting and not looking into the evidence. The evidence, the 30 pages, we've submitted about 400 pages of documentation. It's a well-documented case in terms of country conditions, and the board agreed. The only issue is that the country condition worsened. The only issue is whether that material affects him and not opposition people in Armenia, people's party members in Armenia. So in this respect, the board said, because you're not credible, we think it doesn't. Okay? And we submitted 30 pages of documentation, which wasn't submitted originally, which corroborated his claim. So the question is, if a person was found uncredible because, let's say, let's say it frankly, he wasn't sufficiently responsible when he presented his original case in chief, okay, does it mean that the person cannot later submit documentation, whether it's available or not, to show that he was politically active, in other words, to corroborate the fact that he was politically active. Of course you can submit new evidence, newly discovered evidence, but the board is free to reject evidence which was available and timely at the time of the original hearing, don't they? They are free to do this if they look into the standard of reopening the case within 90 days, based on change or new evidence not available before. Other than the letter from the father, was there any evidence presented that was dated later than 2003? Actually, yes. We have, as of 2003, there was the- That affected his individual membership in this party, his affiliation with it. Yes, statement from another political activist who got asylum in the United States in a similar claim. This was dated later. Was there a showing that that statement was unavailable at the time of the first hearing? I think- Because presumably this would be an activist who was with him at the time he claims he was active. He came later. The activist came to the United States later. I understand that, but that's not the question, whether he was in the United States. The question is, in essence, did he have contact with that person, or could he have contacted that person in 2003 in order to obtain that same declaration? No, it wasn't shown because we didn't see this as our burden as far as the motion to reopen- That's not the question, counsel. The question is whether or not that evidence was available to him in 2003. And it sounds to me like it was. Maybe he didn't procure it because you didn't think it was relevant at that time, but that's not the test. I wasn't representing him at that level, so I don't know what I would have been thinking about. Oh, it was a prior lawyer who made that decision? Right. You're under two minutes. Do you want to reserve time, or do you want to use it up now? I want to reserve. Actually, I'll reserve. Okay. Let's hear from the government. Counsel? May it please the Court. My name is Edward Wiggers, and I represent the respondent in this matter. The Board did not abuse its discretion in finding that Petitioner's claims in his affidavit were inherently unbelievable, where he had recycled allegations that he had previously presented to the immigration judge who found them to be incredible. And as I understand the record, he did not appeal that determination to this Court after the Board initially ruled. Is that correct? That's correct, Your Honor. Or after the immigration judge ruled. He appealed to the Board. The Board summarily affirmed. He did not appeal to the Court. Okay. But he sought no petition for review. So his adverse credibility finding would be law of the case as it relates to the ruling by the immigration judge in 2003. Yes, Your Honor. Under Tufegi. So then getting to Judge Hawkins' question, was there any additional evidence that was presented post-2003 with regard to his party affiliation that was unavailable to him in 2003 or before? No, Your Honor. There was nothing pertaining to his specific political activities. The closest that came was the father's letter, and that did not actually address his activities at all. It was more of just a general description of conditions in Armenia. And the Board did not act arbitrarily in finding that the evidence of changed conditions in Armenia was immaterial in light of the immigration judge's adverse credibility finding. And Petitioner did not meet his burden for reopening based on those matters. And under this Court's decision in Lemsiko, it is certainly proper for the Board to look to prior evidentiary determinations in making an assessment of whether evidence is inherently unbelievable for purposes of reopening. The Board properly followed Lemsiko in this case. And unless the Court has any further questions, that concludes our presentation. Judge White? I think not. Thank you. Thank you, Your Honor. Counsel, you have about a minute and 45 seconds left, although the scope of rebuttal will be limited. The 30 pages of the document, first of all, as the documentation which was not available in 2003, there's a number of letters, actual documents from the party, from the Armenian People's Party, which were issued in 2008, which were submitted with the motion to reopen. But that goes back to my earlier question about this declaration from the political activist. Did he make a showing that there was no way he could have obtained those letters in 2003 from the same source? We presented the 30 pages of documentation to show that he was politically active, not to show whether it was presentable at the time in 2003 or not. When you file a motion to reopen, you have to show that the person has to do with the party, with the group of people who have been persecuted. So we presented 30 pages of documentation to corroborate the fact that he was actually politically active, whether it was presented at the time or not. Maybe I'm not making my question clear, and I'll try and restate it. Was there any showing that these 30 pages of documents could not have been obtained by your client and his former lawyer prior to the 2003 hearing? No. Okay. So how can we declare that the board abused its discretion in denying the motion to reopen if it determined that this evidence was available to him but not presented in 2003? Because the underlying reason for the motion to reopen was the changed country conditions. This wasn't the new evidence available at the time. I don't think there's any quarrel about the fact that there were changed conditions with regard to the party. As I understand the concern that we're wrestling with, it's the issue of his affiliation to the party. If he has new evidence that was not available to him in 2003, that he can now show to prove that he was affiliated with the party, then the changed conditions would be relevant as to his case. But we've got to get over the first hurdle before we get to changed country conditions, and that's the problem I think you have with the record in this case. In order for him to show that he is affiliated with the party, he doesn't have to rely on the documentation which was submitted at the trial level. He can produce additional documentation at the time of the motion, whether it was available in 2003 or not, because it's a separate statutory and regulatory language which does not deal with new evidence. It deals with the question whether or not first the changed country condition happened, and second, he has anything to do with this. The immigration judge did not say that he wasn't affiliated with the party. He said he didn't believe his story, so that's tantamount to a finding that he didn't meet his burden of proof to show that he was. But this is the responsibility of the board to look at the case on a case-by-case basis and to understand whether or not that particular credibility finding originally has anything to do with his party affiliation. Okay. I think we understand your position. We may have a different view of the law than you do in the state of the record, but you're over your time. Thank you. Thank you very much. The case just argued is submitted.
judges: Whyte, Hawkins, Tallman